# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JULIA E. WRIGHT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action No.  1:05 cv 00324** |
| **WILLIAM M. HERMAN, et al.** | ) | **The Honorable Ricardo M. Urbina** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANTS MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Pursuant to Rules 12(b)(1), 12(b)(6) and 56 of the Federal Rules of Civil Procedure, the defendants William N. Herman and Eric T. May ("Defendants"), by their undersigned counsel, respectfully request that this Court dismiss the claims filed on behalf of Plaintiff Julia E. Wright, or, in the alternative, grant summary judgment on behalf of Defendants on these claims, for the reasons set forth in the attached Memorandum in Support of Motion to DismissMemorandum in Support of their Motion to Dismiss Or, in the Alternative, for Summary Judgment.

Respectfully submitted,

/s/ Roger C.  Simmons
Roger C.  Simmons (D.C. Bar No. 12195)
Adam H.  Oppenheim (D.C. Bar No. 462581)
Gordon & Simmons, LLC
P.O. Box 430
Frederick, Maryland 21705-0430
(301) 662-9122 (Tel.)
(301) 698-0392 (Fax)
Counsel for Defendants

March 28, 2005

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| **JULIA E. WRIGHT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Civil Action No.  1:05 cv 00324** |
| **WILLIAM M. HERMAN, et al.** ) | **The Honorable Ricardo M. Urbina** |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE COMPLAINT,
OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rules 12(b)(1), 12(b)(6) and 56 of the Federal Rules of Civil Procedure, the defendants William N. Herman and Eric T. May ("Defendants"), by their undersigned counsel, respectfully submit this Memorandum in Support of their Motion to Dismiss Or, in the Alternative, for Summary Judgment.

Ms.  Wright sued the wrong persons for the wrong reasons.  She sued two co-owners for causes of action which can only be brought against the corporation.  For this reason and those set forth below, the Defendants' motion to dismiss should be granted, and all of the claims against them should be dismissed with prejudice.

**INTRODUCTION**

Plaintiff Julia Wright ("Plaintiff" and/or "Wright") is suing two individual defendants in federal court for, *inter alia,* declaratory judgment, accounting, breach of fiduciary duty and damages allegedly suffered therefrom; claims that solely and undisputably pertain to a limited liability company duly organized under

the laws of the Commonwealth of Virginia ("Wright and [Defendants] incorporated their business as a limited liability company under the laws of Virginia." Compl. ¶ 7). Because this entity is not named as a defendant, nor has the Plaintiff named as a defendant a related limited liability company organized under the laws of the District of Columbia, the complaint in this case poses a classic case of one shareholder/member suing two other shareholders/members for relief which only the corporation can give her. Julia Wright is undisputably a member (not a partner) of the foregoing limited liability companies, together with defendants Herman and May. Moreover, the purported "partnership assets" which Plaintiff asks this Court to apportion are not in fact assets of any partnership – they are assets or opportunities owned by one of the two foregoing corporate entities and/or owned by two other entities. Although she claims that she is a "partner" in a "limited liability company," CRA Urban, LLC (Compl. ¶ 4), claims that stem from her status as a "member" of a limited liability company are not "partnership" claims. And when she purports to base her case upon provisions of the D.C. Uniform Partnership Act, D.C. Code §§ 33-101-01 et seq., her complaint becomes an oxymoron -- it is internally inconsistent. Indeed, her recent attempt to remedy the problem by amendment merely emphasizes her inconsistent claims, it does not correct the problem.

The conduct alleged in the complaint concerns the business affairs of a duly organized Virginia limited liability company that pre-existed the parties' business relationship as CRA Urban. More specifically, this dispute arises out of claimed duties among members of this limited liability company. Plaintiff voluntarily joined two limited liability companies with defendants as co-members with her in order to protect herself from personal liability. As will be explained, *infra*, under the applicable Virginia substantive law, the managers and members of an LLC do not, solely by virtue of their status, have fiduciary

duties to each other that partners have. So, where Plaintiff purports to have claims under provisions of the D.C. Uniform Partnership Act, her complaint fails to state a claim for which relief may be granted as a matter of law because her case raises ownership and structure issues within an LLC.

For similar reasons, the Plaintiff's claims which purport to be premised upon alleged breaches of partnership duties must also fail and be dismissed as a matter of law. Under the Virginia statute governing the entity in question, a managing member of an LLC only owes duties to the entity, not to other members unless so provided in a written operating agreement. Where, as here, there is no written operating agreement (nor is an oral one alleged), neither of the defendants owes Ms. Wright any fiduciary duties (whether or not premised upon misapplication of D.C. partnership law). Instead, the relevant standard of care pertains only to defendant Herman (the managing member) and then only obligates him to certain duties to the entity, not to Ms. Wright, *i.e.*, "the manager's good faith business judgment [is directed to] the best interests of the limited liability company." Va. Code § 13.1-1024.1. Stated another way, members in an LLC do not owe each other fiduciary duties any more than do stockholders in a corporation.

The Plaintiff's complaint should be dismissed not only because she has asserted partnership rights to an LLC, but because she has failed to name the necessary corporate parties as defendants (she knows the addition of all of the needed entities would destroy diversity and the jurisdiction of this Court). For example (in addition to the CRA Urban entity), as alleged in paragraph 12 of the Complaint, Plaintiff's claims involve, in substantial part, the conduct and affairs of an entity known as Gage School Holdings, LLC. Plaintiff acknowledges that she, together with the two defendants have "an equity interest" in the foregoing entity. However, she fails to disclose that the alleged interest is not held in their respective individual capacities. Plaintiff's disputed interests in the foregoing entity are in the form of her one-third

membership interest in CRA Urban Venture I LLC, a limited liability company organized under the laws

of the District of Columbia. Because complete relief cannot be had without naming this District of Columbia

company as a party, the joinder of which would destroy complete diversity, the Court should dismiss this

complaint for lack of subject matter jurisdiction.

## STATEMENT OF FACTS

1.        Plaintiff and Defendants are three members of CRA Urban, LLC ("CRA Urban"), a limited

liability company duly existing under the laws of the Commonwealth of Virginia. Amended Compl. ¶ 4.

Defendant Herman is the managing member of CRA Urban. *See* Declaration of William N. Herman at ¶

1 (Attached hereto as Exhibit 1).

2.        CRA Urban (formerly known as Concord Realty Advisors, LLC and CRA Real Estate

Services, LLC) was organized on June 15, 2000. Exhibit 1 at ¶ 1. CRA Urban has been in continuous

existence since June 15, 2000. Defendant Eric T. May ("May") holds a 10% membership interest in CRA

Urban, and Herman and Julia Wright ("Wright") respectively hold 45% membership interests in the

foregoing entity. Amended Compl. ¶ 11.

3.        Plaintiff and Defendants are also the sole members of CRA Urban Venture I LLC ("DC

Urban"), a limited liability company duly established under the laws of the District of Columbia, organized

on November 5, 2004. *See* Exhibit 1 at ¶ 2. May, Herman and Wright each respectively hold 33 1/3%

membership interests in DC Urban. *Id.*

4.        DC Urban is the managing member of Gage School Holdings, LLC, a limited liability

company duly established under the laws of the state of Delaware. *See* Exhibit 1 at ¶ 3. Plaintiff holds no

direct membership interest in Gage School Holdings, LLC. *Id.*

5.      Gage School Holdings, LLC, owns and operates the single-member entity Gage School, LLC, a limited liability company duly established under the laws of the District of Columbia. *See* Exhibit 1 at ¶ 4.

6.      CRA Urban is an operating company that from time to time, on a project specific basis, engages in certain business opportunities in connection with real estate and other enterprises, whether directly, or indirectly through one or more separately organized and/or owned single-purpose entities. *See* Exhibit 1 at ¶ 5. All business opportunities available to CRA Urban are solely predicated upon the goodwill earned by the members of CRA Urban as well as their professional qualifications and experiences. *Id.*

7.      While Plaintiff Wright is a minority member of the entities CRA Urban and DC Urban, respectively, she has **no** direct equity interest in Gage School Holdings, LLC. *See* Exhibit 1 at ¶ 3. The sole members and those having any equity interest in the foregoing entity are (a) DC Urban and (b) HUI, LLC, a Virginia limited liability company that is unaffiliated with any of the parties to the above-captioned action. *See id.*

## ANALYSIS

## I.      STANDARD OF REVIEW.

A motion to dismiss under Rule 12(b)(6) tests not whether Plaintiff will prevail on the merits, but instead whether she has properly stated a claim. *See* Fed. R. Civ. P. 12(b)(6). Thus, the court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In deciding such a motion, the court must accept as true all well-pleaded allegations of fact. *See*

*Pitney Bowes v. United States Postal Serv*., 27 F. Supp.2d 15, 19 (D.D.C.1998). Nevertheless, the court is not required to accept a strained interpretation of such allegations, or "conclusory allegations regarding the legal effect of the facts alleged." *Labram v. Havel,* 43 F.3d 918, 921 (4th Cir. 1995) (citation omitted). "In determining whether a complaint fails to state a claim, the court may consider facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which the court may take judicial notice." *Baker v. Henderson,* 150 F.Supp.2d 13, 15 (D.D.C. 2001) (citation omitted) (noting further that the court may take judicial notice of matters of a public nature without converting the motion into one for summary judgment).

## II.  PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE D.C. PARTNERSHIP STATUTE.

Plaintiff's admission that all of her complaints and pleas for the intervention of this Court concern the operation of a legitimate limited liability company  is fatal to her claims as a matter of law.  In shopping for a forum and remedy of her convenience, Plaintiff willfully disregards the corporate veil that she herself elected to use in order to protect herself from personal liability as to the rest of the world,[1] so she can maintain the fiction that partnership law governs this dispute.  The Plaintiff freely chose to join a preexisting legal corporate entity through which to pursue those business interests she shared with the Defendants. She cannot now choose to ignore that fundamental corporate relationship.

### A.  VIRGINIA LAW APPLIES.

---

[1]While Wright falsely claims that she had a role in incorporating a business that was in fact incorporated four years before her involvement (*See* Herman Decl. at ¶ 1), her Complaint does admit to her choice in cloaking herself in the corporate form for purposes of the business referred to in the Complaint. *See* Amended  Compl. ¶ 7 ("Wright and Herman incorporated their business as a limited liability company under the laws of the State of Virginia").

Where, as here, the alleged basis for jurisdiction is diversity, this Court is obligated to apply the choice of law principles of this jurisdiction. *See Shenandoah Associates Limited Partnership v. Tirana,* 182 F. Supp.2d 14, 18 (D.D.C. 2001). The District's own choice of law principles are used to determine the law to be applied in actions filed in its courts. *See Kaiser-Georgetown Community Health Plan, Inc. v. Stutsman,* 491 A.2d 502, 507 (D.C. 1985). D.C. courts employ a "modified governmental interests analysis," which applies the Restatement (Second) of Conflict of Laws "to identify the jurisdiction with the 'most significant relationship' to each issue in dispute." *Long v. Sears Roebuck & Co.,* 877 F. Supp. 8, 11 (D.D.C. 1995).

As Plaintiff clearly alleges, her purported "partnership" was undertaken wholly within the framework of a legitimate and pre-existing Virginia limited liability company (Compl. ¶ 7), and having done so, District of Columbia law mandates the application of the laws of the Commonwealth of Virginia as to the business affairs of the limited liability entity, CRA Urban:

> Subject to District law, the laws of the state or other jurisdiction under which a foreign limited liability company is formed govern its formation and internal affairs and the liability of its members and managers, and a foreign limited liability company may not be denied registration by reason of any difference between those laws and the laws of the District.

DC Code § 29-1052. Moreover, since Plaintiff's claims admittedly arise from her membership in "a limited liability company [organized] under the laws of the State of Virginia" (Amended Compl. ¶ 7), claims pertain to the structure, governance and management of this entity formed and guided by Virginia law, Virginia has a significant interest in seeing its substantive law applied in this case. *See Shenandoah,* 182 F. Supp.2d at 19 ("The contracts in dispute were written and executed pursuant to Virginia law. Virginia, therefore, has a significant interest in seeing its substantive law applied in this case.").

**B.**   **AS A MEMBER OF A VIRGINIA LIMITED LIABILITY COMPANY, PLAINTIFF CANNOT SUE THE OTHER INDIVIDUAL MEMBERS AS "PARTNERS" IN DEROGATION OF THE CORPORATE FORM**

There is no dispute that all of the alleged conduct concerns the business affairs of a legitimate and duly organized Virginia limited liability company, not a partnership. *See generally Judelson v. Weintraub,* 55 A.D.2d 906 (N.Y. App. 1977) ("'They cannot be partners *inter sese* and a corporation as to the rest of the world'").[2] (quoting Weisman v. Awnair Corp. of America, 3 N.Y.2d. 444 (1957)  The limited liability company at issue here signed all of the pertinent contracts with clients, landlords, *etc.*, as an LLC, not in any individual or partnership form.

Moreover, Plaintiff does not allege any intent among the purported partners to reserve any rights outside the scope of the management of the affairs of the company, its exercise of corporate powers, or the rights of third parties doing business with it.  An LLC is not a partnership. The managers and members of an LLC do not, solely by virtue of their status, have vicarious liability or the same duties of loyalty or as fiduciaries that attach to partners – indeed, members and managers of a limited liability company are exempt from personal liability to one another or third parties for their company's obligations. *C.f. Berman v. Physical Medicine Ass., Ltd.*, 225 F.3d 429 (4th Cir. 2000); *Collins v. E-Magine, LLC,* 291 A.D.2d

---

[2]*Judelson* is notable in that the parties conceded that a partnership existed between them at some unspecified point in time," nevertheless "[b]y agreeing to conduct the partnership business through a corporation, and by putting that agreement into effect, the partners adopted the corporate form, with the corporate shield extended over them to protect them against personal liability. When they do that, 'they cease to be partners and have only the rights, duties and obligations of stockholders.'" *Id.* (citation omitted).  The *Judelson* decision stands distinct from cases such as *Boyd, Payne, Gates & Farthing v.  Payne, Gates, Farthing & Radd, P.C.*, 244 Va.  418, 422 S.E.2d 784 (1992), where parties in a pre-existing partnership formed a corporation, but then ignored the corporate form and continued to act in all respects as a partnership.

350, 351 (N.Y. App. Div. 2002); *see also Addy v. Myers,* 616 N.W.2d 359, 362 (N.D. 2000) ("A limited liability company is a separate business entity and its owners or members are not exposed to personal liability for the entity's debts unless there are personal guarantees."). Thus, insofar as Plaintiff purports to base her claims on the provisions of the D.C. Uniform Partnership Act, her complaint fails to state a claim for which relief may be granted as a matter of law.

In an illogical, but brazen effort to remedy one of the multiple and serious factual and legal flaws in her initial complaint, Plaintiff has put forth a first Amended Complaint asserting that she and the defendant Herman entered into a purported agreement to be partners, but then left that structure an empty vessel when Wright joined as a member of the pre-existing entity, CRA Urban.  Amended Compl. ¶ 7.  Even if there had been some form of "partnership" agreement between and among Wright and Herman regarding their alleged intent to do business together in an LLC,[3] they ceased to be partners when Wright and her "partners" elected the limited liability form to do business.  Agreeing to conduct "partnership business" through the guise of a corporation in order to protect against personal liability brought with it corporate rules and rights.

It has long been the law that "public policy will not permit a copartnership to do business in the guise of a corporation, nor allow the partners to be corporation as to the rest of the world while as between

---

[3]Even if there is some merit to Plaintiff's intertwining of D.C. partnership law with the undisputed facts of D.C. and Virginia limited liability company corporate structure, her claims for profits earned by Defendants on new matters brought to the business after her resignation, even if these matters were for preexisting clients, are baseless. *See Robinson v. Nussbaum,* 11 F. Supp. 2d 1, 6 (D.D.C. 1997) ("Profits earned by former partners on *new* matters brought into the firm after the date of dissolution, including new matters for clients of the dissolved law firm, are not the 'property' of the dissolved partnership.") (emphasis in original)

themselves the enterprise, conducted in the corporate form, is in fact a joint venture." *Sun River Stock &*

*Land Co. v. Montana Trust & Savings Bank*, 262 P. 1039, 1045 (Mont. 1928) (citation omitted).

Plaintiff's theory of liability, insofar as it seeks to disregard the corporate forms that she claims benefit from

as to the rest of the world, is contrary to well-established principles of corporate law.   The foregoing

analysis provided by the Montana Supreme Court is quite on point:

> **The law never contemplated that persons engaged in business as partners may incorporate, with intent to obtain the advantages and immunities of a corporate form, and then, Proteuslike, become at will a copartnership or a corporation, as the exigencies or purposes of their joint enterprise may from time to time require**. The policy of the law is to the contrary. If the parties have the rights of partners, they have the duties and liabilities imposed by law and are responsible in solido to all creditors. **If they adopt the corporate form with the corporate shield extended over them to protect them against personal liability, they cease to be partners, and have only the rights, duties, and obligations of stockholders. They cannot be partners** *inter sese* **and a corporation as to the rest of the world**."

*Sun River Stock & Land Co. v. Montana Trust & Savings Bank*, 262 P. 1039, 1044-45 (Mont. 1928)

(emphasis added).

   Without seeking a corporate dissolution or other formal corporate windup, Plaintiff has claimed that

the other shareholders should personally pay her considerable sums of money for what she considers to

be her share of business matters and other assets that as a matter of law are corporate assets which the

corporation is left to continue its business *in futuro*.   Under the law of both the District of Columbia and

Virginia, members or managers of limited liability companies are generally shielded from the LLC's debts,

obligations and liabilities.   *See* DC Code § 29-1014, Code of Virginia § 13.1-1019. Plaintiff does not

allege any facts that would even implicate a basis to disregard a corporate entity, or any other conceivable

grounds for succeeding in holding a member of a limited liability entity personally liable for obligations of

the entity.

Plaintiff alleges on the face of the complaint, and Defendants do not dispute for purposes of this motion, that all of the purported business opportunities and contracts were pursued on behalf of, undertaken and consummated within the shield of the corporate form of CRA Urban. *See, e.g.,* Amended Compl. ¶¶ 12-13. Plaintiff does not allege that she or either of the defendants were individually parties to "CRA Urban's Contracts", nor does she claim that any of the persons CRA Urban dealt with were ever told CRA Urban was a partnership.  She even fails to claim that any of the hypothetical gross-revenues would be due to her personally. As is clear from the complaint, these contracts, obligations, and the risks and potential benefits thereof, belong to the limited liability company. They are not hers except insofar as she may have derivative rights as a member/owner.  As was recently explained by the Fourth Circuit:

> A Virginia limited liability company, in contrast to a partnership, is an entity separate from its members, and it may acquire property, sue, or be sued.  *Hagan v. Adams Prop. Assoc., Inc.,* 253 Va. 217, 482 S.E.2d 805, 807 (1997); Va.Code Ann. § 13.1-1021. The property of such an entity, once acquired, "vests in the limited liability company." Va.Code Ann. § 13.1-1021. Statutorily, the members of the limited liability company have "no right to demand and receive any distribution from a limited liability company in any form other than cash," *id.* § 13.1-1034.

*General Technology Applications, Inc. v. Extro LTDA,* 388 F.3d 114, 119 (4th Cir. 2004). Thus, Ms. Wright has no property interests in the ownership rights of Messrs.  Herman and May.  If she has any colorable basis to state any claims against them individually, it can only be through the entity or entities that have a vested interest in the hypothetical revenues and expectancies she identifies in her pleading.

Moreover, the operating agreement of CRA Urban Venture I, LLC ("D.C. Urban") (indirectly mentioned by plaintiff in Compl.  ¶ 12 in her comments about the Gage School) , to which the Plaintiff is a party, sets forth in comprehensive detail the relationships between and among Plaintiff and the Defendants

with respect to the Gage School endeavors (something she labels as a purported "partnership asset") and the structure of this D.C. limited liability company. No mention is made in the written instrument of the purported partnership between and among these same persons that, according to the Amended Complaint, includes as alleged "partnership assets" the Gage School project. Indeed, Ms. Wright has expressly and unequivocally disclaimed the existence of the purported partnership to the extent she claims a "partnership" interest in the subject matter of the Gage School endeavor. *See* Exhibit B to Herman Decl. at Sec. 10.6 (provision in Operating Agreement of CRA Urban Venture I, LLC whereby Wright covenants that said agreement "constitutes the entire agreement of the parties hereto with respect to the subject matter hereof").

## III.   PLAINTIFF FAILS TO STATE ANY CLAIM FOR BREACHES OF FIDUCIARY DUTY.

Plaintiff's claims premised upon alleged breaches of fiduciary duty should be dismissed as a matter of law for a number of reasons. First, under the Virginia statute governing CRA Urban, there is no fiduciary duty owed by a member of an LLC to the other members, unless otherwise provided in an operating agreement. *See e.g., In re McKnew,* 270 B.R. 593, 628 (E.D. Va. 2001) (noting that while the Virginia LLC statute require a manager of an LLC discharge his or her duties in accordance with good faith business judgment of the best interests of the company, "[t]here is no such provision concerning members of a limited liability company; therefore, unlike partnerships, there are no fiduciary obligations among members").  Where, as here, there is no operating agreement so providing (nor is one alleged), the Defendants do not as a matter of law owe Ms. Wright any fiduciary duties.  The relevant standard of care is "the manager's good faith business judgment of the best interests of the limited liability company," Va. Code § 13.1-1024.1, but this duty is owed by the manager only to the LLC, not to other members.

**A.      As Members of a Virginia LLC, Defendants Owe No Fiduciary Duty to Plaintiff Where, as Here, There Exists No Operating Agreement Imposing Such a Duty.**

Merely because a  limited liability company combines the flow-through income tax advantages and capital structure of a partnership with the limited liability and governance structure of a corporation, does not render partnership law interchangeable with the applicable LLC statutes as it may suit a hopeful litigant. "A limited liability company is a separate business entity and its owners or members are not exposed to personal liability for the entity's debts unless there are personal guarantees." *Addy v. Myers,* 616 N.W.2d 359, 362 (N.D. 2000); *C.f. Berman v.  Physical Medical Ass.  Ltd., supra*.  "The limited liability company is a business form that combines the limited liability of a corporation with the pass-through tax status, which is characteristic of the  general partnership,  limited partnership,  and the S corporation." *McKnew,* 270 B.R. at 628.  Thus, particularly with respect to Virginia LLCs like CRA Urban, courts have clearly distinguished the liabilities of partners *inter sese* compared to the lessened liability of LLC members. And specifically as to the attendant duties and lack thereof it has been held that "unlike partnerships, there are no fiduciary obligations among members" of a Virginia limited liability company. *Id. (citation omitted).*

**B.      Even If Plaintiff Could Assert Claims for Breach of Fiduciary Duty Against Defendants, Any Such Claims Can Only Be Brought Derivatively on Behalf of the Company and Not on Behalf of Herself.**

As was set forth above, any profits potentially flowing from any of the contracts or other business arrangements alleged to be "partnership assets" would in fact be vested in the limited liability company. It would only be through the organizing documents and applicable statute that Ms. Wright could have any individual right in these purported assets. It follows that any conceivable injury possibly flowing from the allegations in the complaint as to the actions of the Defendants, such injuries would be to the company and

not to Wright as a member (except quite indirectly). As noted by the Virginia Supreme Court, "[t]he overwhelming majority rule is that an action for injuries to a corporation cannot be maintained by a shareholder on an individual basis and must be brought derivatively." *Simmons v. Miller*, 261 Va. 561, 573 (2001). Following the foregoing principle, the Virginia court explicitly rejected a closely held corporation exception to the rule and required that "suits for breach of fiduciary duty against officers and directors must be brought derivatively on behalf of the corporation and not as individual shareholder claims." *Id.* at 576.[4]

Here, where there is no operating agreement (as to the CRA Urban entity in Virginia), Plaintiff has no right to demand and receive any property or money from the entity solely because she may be a member. To the extent Wright has any claim to proceeds of CRA Urban business, such claim can only be asserted against CRA Urban, which owns the proceeds from CRA Urban business, not Julia Wright or other members. If Julia Wright thinks she is entitled to hundreds of thousands of dollars from this business, she must assert any such claim against or through the entity holding the vested rights:

> [U]nder EXG's Operating Agreement, "[n]o Member ... [has] the right to demand and receive property other than cash." Because it is EXG's property that gives rise to EXG's alleged legal right to the Conoco proceeds, the claim Exro seeks to assert is EXG's. Exro's right to a cash distribution from EXG is not directly at issue and is insufficient to give Exro standing to assert EXG's legal rights. And even though Exro could in certain circumstances assert EXG's claim against GTA on EXG's behalf--i.e., derivatively under Va.Code Ann. § 13.1-1042--Exro has not done that in its counterclaims. Virginia strictly adheres to the derivative-claim rule. *See Simmons v. Miller,* 261 Va. 561, 544 S.E.2d 666, 673-75 (2001) (refusing to create an exception for direct claims in cases of closely held corporations). Thus, Exro has no standing to assert EXG's claim for money GTA

---

[4]The court noted and rejected an argument in favor of allowing the individual claims that was based upon the notion that "closely held corporations, in some cases, function more like a partnership than a corporate entity." *Id.* at 575 (citations omitted).

recovered from Conoco.

*General Technology Applications, Inc. v. Extro LTDA,* 388 F.3d 114, 119 (4th Cir. 2004). *See also*

*Storey v. Patient First Corporation*, 207 F.Supp.2d 431, 456 (E.D. Va. 2002) (holding that the decision

in *Simmons* "clearly forecloses the type of claim in Virginia" whereby an individual shareholder of a

corporation sues an officer or director of that corporation for breach of fiduciary duty). *Glaser, v. Enzo*

*Biochem, Inc.*, 303 F.Supp.2d 724, 752 (E.D. Va. 2003) (*rev'd on other grounds*, Glaser v. Enzo

Biochem, Inc. 2005 WL 647745 (4th Cir. 2005)(where corporation's shareholders sued corporation and

individual officers and directors thereof "[t]he Court dismisse[d] the breach of fiduciary duty claim against

the Individual Defendants because this type of claim may only be asserted derivatively on behalf of the

corporation").

Moreover, the Virginia Limited Liability Company Act specifically requires actions of the sort

asserted by Plaintiff to be made, if at all, on a derivative basis:

> A member may bring an action in the right of a limited liability company to recover a
> judgment in its favor to the same extent that a shareholder may bring an action for a
> derivative suit under the Stock Corporation Act, Chapter 9 (§ 13.1-601 et seq.) of this
> title. Such action may be brought if members or managers with authority to do so have
> refused to bring the action or if an effort to cause those members or managers to bring the
> action is not likely to succeed. The derivative action may not be maintained if it appears
> that the plaintiff does not fairly and adequately represent the interests of the members and
> the limited liability company in enforcing the right of the limited liability company.

Va. Code § 13.1-1042. Notwithstanding the undisputed allegation in her complaint that her interest in the

business at issue is in the form of membership in a Virginia limited liability company, Plaintiff brings the

instant action in an attempt to recover a judgment in her personal favor to redress rights and compensate

for loss of profits that belong (if to anyone) to the company and not to her.

-15-

**C.     Even If Plaintiff Could Assert Claims for Breach of Fiduciary Duty Against Defendants, She Fails to Allege any Facts That, if Proven, Would Constitute any Breach of Fiduciary Duty**.

Plaintiff alleges that "Defendants have taken actions in violation of their fiduciary duties to Plaintiff." (Amended Compl. ¶ 17).  Yet, even if Defendants owed any such duties to her personally in lieu of or in addition to the limited liability company (which they do not), they cannot have breached any such duty if they took actions which they were permitted to do under the pertinent corporate statutes and operating agreements.  The managing member and/or majority of members of CRA Urban had every right in the reasonable exercise of their business judgment to exclude Wright "from any involvement or participation in CRA Urban's work on the Gage School contracts" if he properly exercised his business judgment in doing so.  *Id.* ¶ 17. Her membership in the LLC confers no absolute right to involvement or participation. Even if it did, the deprivation of "involvement or participation" does not constitute a *fiduciary* deprivation, indeed, a member who is perceived as acting in a manner harmful to corporate business owners should be excluded from those business matters.  Nor does Wright have any inherent right to so-called "partnership distributions."

## IV.    THIS COURT LACKS SUBJECT MATTER JURISDICTION.

Notwithstanding the foregoing reasons why Plaintiff fails to state a cognizable claim, the Amended Complaint should be dismissed because complete relief cannot be had without naming multiple limited liability companies as party defendants, the joinder of which would destroy complete diversity. Consequently, the Court should dismiss this complaint for lack of subject matter jurisdiction.

Because a challenge to subject-matter jurisdiction focuses on this Court's power to hear the Plaintiff's claims, analysis of a Rule 12(b)(1) motion must give the complaint's factual allegations closer

scrutiny than required for a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim. *See Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp.2d 9, 13 (D.D.C.2001). Moreover, the court is not limited to the four corners of the complaint, it may consider materials outside the pleadings. *See Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C.Cir.1992).

The Plaintiff's complaint must be dismissed because she has failed to name multiple necessary parties as defendants, the addition of two of which would destroy diversity and the jurisdiction of this Court. As alleged in the Complaint, Plaintiff's claims involve, in substantial part, the conduct and affairs of an entity known as Gage School Holdings, LLC. Plaintiff misleadingly alleges that she, together with the two defendants have "an equity interest" in the foregoing entity. However, she fails to disclose that the alleged interest is not held in their respective individual capacities. Plaintiff's disputed interests in the foregoing entity are in the form of: (1) her 33 1/3 % membership interest in CRA Urban Venture I LLC, a limited liability company organized under the laws of the District of Columbia; and (2) that entity's equity interest in the Gage School Holdings, LLC which in turn is the sole member of another District of Columbia LLC, Gage School, LLC. Because complete relief cannot be had without naming both District of Columbia companies as defendant parties, the joinder of which would destroy complete diversity, this Court must dismiss the complaint for lack of subject matter jurisdiction.

A nonparty is necessary and must be joined in the action if:

(1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a).

It is clear that DC Urban's absence from this suit may harm its ability to protect its contractual interests in the Gage School Project. Moreover, the absence of Gage School Holdings, LLC, an entity that includes as a member a D.C. resident, would similarly be required. Any disposition of Wright's claims against Herman and May pertaining to any aspect of the Gage School Project, including respective rights, obligations, profits, and losses will necessarily involve an interpretation of the Operating Agreement of DC Urban and the management and affairs of this District of Columbia company, as well as the foregoing D.C. resident's capacity as member of Gage School Holdings, LLC. Thus, "the potential prejudice to its interests is plainly great enough to require joinder if feasible under Rule 19(a)." *Gellman v. Paul*, 85 F.R.D. 357, 358 (S.D.N.Y. 1980). (even though suit alleged a joint venture between individual plaintiff and individual defendants, because suit involved a dispute over payment allegedly due from income received on a condominium project, a non-party corporate entity who was sole entity entitled to receive payment under condominium project agreement was a necessary party, and case was dismissed because joinder would destroy subject matter jurisdiction). That the three parties presently before this Court are the sole constituent members of DC Urban does not adequately protect the interests of DC Urban. Plaintiff makes **no** allegation remotely allowing the Court to pierce the corporate veil as to DC Urban (or CRA Urban). Thus, there is no basis for Wright to overcome the black-letter principle of law that a business entity's legal rights are entirely distinct from those of its shareholders or members.

In addition, the remedies sought by plaintiff clearly implicate the structure, functioning and management of multiple non-party entities. A "corporation must be a party to a case where the relief sought would alter the articles of incorporation and direct the duties of the directors." *Bates v. Cekada,* 130

-18-

F.R.D. 52, 57 (E.D. Va. 1990), citing *Tower Hill Connellsville Coke Co. v. Piedmont Coal Co.*, 33

F.2d 703, 706 (4th Cir. 1929), *cert. denied*, 280 U.S. 607, 50 S.Ct. 157, 74 L.Ed. 650 (1929)

(company and its directors are necessary and indispensable parties if the court's decree seeks in any way

to direct or control the company's management).

      The Supreme Court has determined that LLCs do not enjoy corporate citizenship for purposes

of diversity, instead, they carry the citizenship of their members. *See C.T. Carden v. Arkoma Assocs.*, 494

U.S. 185, 195-96 (1990).  As such, the addition of CRA Urban or DC Urban as necessary defendant

parties, each with a D.C. resident as a constituent member for purposes of diversity, the jurisdiction of this

court would be foreclosed.   For this Court to possibly enter a judgment in favor of Ms. Wright in the

amount of "at least $1.1 million" (Amended Compl. ¶ 14) for her alleged share of "CRA Urban's Contracts

and Business Opportunities" as defined in her pleadings, the Court must parse the respective competing

interests and liabilities of all the persons and entities who have contractual and property rights in and to

these same opportunities.  Most pertinent to the instant analysis, however, is the project denominated as

the "Gage School" project.  It is undisputed that Ms. Wright has no privity with any stakeholder in the Gage

School. While it is not in dispute that she is a minority member of the entities CRA Urban Venture I LLC

("DC Urban") and CRA Urban, LLC ("CRA"), respectively, it is a matter of clear statutory law in the

relevant jurisdictions that the expectations, opportunities, profits and properties are vested in the respective

companies.

      DC Urban has an interest in the Gage School project because it is a member of Gage School

Holdings, LLC, an entity that in turn owns and operates the single-member company Gage School, LLC.

 HUI, LLC, a Virginia limited liability company that is unaffiliated with any of the parties to the above-

dollars or even one dollar in payoffs from this project without bringing each of these entities to the

party. The two District of Columbia LLCs are indispensable parties to the suit; and as such should

be aligned as co-defendants. Thus, the plaintiff's assertion of diversity jurisdiction collapses under

the weight of its inherent incoherence.

### CONCLUSION

For the foregoing reasons, the Amended Complaint should be dismissed, with prejudice.


Respectfully submitted,

_Roger C. Simmons_

Roger C. Simmons (D.C. Bar No. 12195)
Adam H. Oppenheim (D.C. Bar No. 462581)
Gordon & Simmons, LLC
P.O. Box 430
Frederick, Maryland 21705-0430
(301) 662-9122 (Tel.)
(301) 698-0392 (Fax)
Counsel for Defendants


March 28, 2005

motiondismiss.pld.wpd

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 28, 2005, the requirement of a certificate of service was satisfied by the automatic notice of filing sent by the CM/ECF software to the opposing counsel of record identified below.

Stephen H.  Marcus, Esq.
1050 17th Street, N.W.
Suite 600
Washington, D.C. 20036

Counsel for Plaintiff


Roger C.  Simmons

Z:\CRA Urban\motiondismiss.pld.wpd

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| **JULIA E. WRIGHT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **WILLIAM M. HERMAN, et al.** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**Civil Action No.  1:05 cv 00324**
**The Honorable Ricardo M. Urbina**

## ORDER

Upon consideration of Defendants' Motion to Dismiss, or in the alternative for Summary

Judgment, it is this _____ day of _____, 2005

      **ORDERED**, that the Motion to Dismiss be, and it is hereby, **GRANTED**, and Plaintiff's

Amended Complaint is **DISMISSED WITH PREJUDICE**.

 

 

_____
The Honorable Ricardo M. Urbina
Judge, U.S. District Court for the District of Columbia